# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROMARE J. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-091 |
| | ) | |
| COSCO SHIPPING LINES CO. LTD., *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Amend the Complaint. Doc. 35. For the reasons explained below, that motion should be **DENIED**. Because the parties had previously indicated that some pending discovery motions could be obviated after a ruling on the motion to amend, those too are **DISMISSED AS MOOT**. Doc. 20, 24, 25, 26, 27. The parties are each **DIRECTED** to file a single motion detailing any outstanding discovery disputes within fourteen days from the date the District Judge disposes of this Order and Report and Recommendation. The parties are also **DIRECTED** to *jointly* file a proposed scheduling order within seven days of the date of the District Judge's final disposition setting deadlines to conclude discovery in this case.

## BACKGROUND

According to plaintiff's original complaint, doc. 1-1, he was working as a longshoreman on the vessel M/V COSCO SHIPPING CAMELLIA on February 17, 2020. While in the course of performing his duties, plaintiff walked down a gangway from the vessel to the shore. *Id.* at 4. Upon reaching the bottom of the gangway, he alleges that "the left hand rail suddenly and without warning collapsed and gave way, causing him to fall off the gangway and land on the side of the dock." *Id.* The complaint further alleges that his "right shoulder and the rest of his body were hanging off the dock until a fellow longshoreman pulled him back onto the dock." *Id.* at 5. He claimed serious injuries to his right shoulder. *Id.*

Plaintiff initially brought a claim for negligence, doc. 1-1 at 5, alleging that defendants failed "to properly operate and maintain this equipment and by failing to ensure the equipment was reasonably fit for its intended use." *Id.* Plaintiff brought claims for medical expenses; past, present, and future lost wages; past, present, and future pain and suffering; and past present, and future permanent impairment. *Id.*

This case was removed from the State Court of Chatham County to this Court on April 27, 2020. Doc. 1. After the parties filed a Rule 26(f) report, the Court entered a scheduling order on May 27, 2020, directing the parties to filed

amended pleadings on July 6, 2020.  Doc. 13.  Defendants filed the first motion to modify the scheduling order on August 3, 2020.  Doc. 20.  That motion sought solely to extend the deadline for defendants to furnish expert reports until after they deposed plaintiff's treating physician.  *Id.* at 1.  On August 19, 2020, plaintiff filed a Motion to Compel, doc. 24, seeking to take the depositions of the vessel's crew. Simultaneously with this motion, plaintiff filed a motion to modify the scheduling order.  Doc. 25.  That motion requested an extension of time for all deadlines including the already passed deadlines to amend or add parties and the furnishing of expert witnesses.  Doc. 25 at 8.  One day later, defendants submitted their own proposed modifications to the scheduling order, extending the deadlines solely for the time to furnish expert witnesses.  Doc. 26.

Defendants also filed a motion for a protective order on August 21, 2020, seeking to prevent plaintiff from taking certain noticed depositions and prohibiting plaintiff from "engaging in inappropriate and abusive deposition conduct."  Doc. 27 at 1.  On September 4, 2020, plaintiff filed a motion to amend the complaint, seeking to modify the complaint to make clear that "his claims of negligence against the Defendants include claims for improper setting of the orange safety netting under the gangway, and that he [plaintiff] sustained injuries to his knee."  Doc. 35 at 2.  Plaintiff also seeks to amend his complaint

3

to add claims for fraud and deceit based on allegedly false "Log Book" entries which plaintiff contends defendants created some time after plaintiff's injury. Doc. 35 at 2. Rounding out the claims, plaintiff wishes to add a claim for punitive damages based on defendants alleged "conduct in creating documents which falsely state that the Plaintiff was injured when another worker 'pulled' at the safety netting as opposed to the incident being caused by the faulty gangway rail." *Id.* at 2. The Court held a telephonic discovery conference on September 8, 2020, doc. 44, and subsequently entered an order staying the discovery pending a ruling on the motion to amend. Doc. 36. The Court also invited plaintiff to more fully brief the issue of good cause in regard to an amendment of the scheduling order, which plaintiff did. *See, e.g.,* doc. 37. The case has remained stayed and no further discovery has occurred since that time.[1]

## ANALYSIS

The deadline for filing motions to amend the pleadings in this case was July 6, 2020. Doc. 13. Because plaintiff's motion is untimely, the correct

---

[1] The Court had allowed the parties to conduct discovery if they could agree to any terms. However, any discovery was to be conducted pursuant to a stipulation filed on the docket. Doc. 36. There are no stipulations on the docket since the date of that Order, so the Court concludes that the parties were unable to reach any amicable agreements as to further discovery in this case.

4

standard for examining it is governed not by Federal Rule of Civil Procedure 15(a), but by Rule 16(b), which dictates that the scheduling order may only be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Plaintiff must first satisfy the more stringent good-cause standard of Rule 16(b) before the Court will consider whether to allow amendment under Rule 15(a). *Sosa*, 133 F.3d at 1419. "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* at 1418 (internal citation omitted). "If [a] party was not diligent, the [good-cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff's initial motion to amend the complaint states only that the Court should "freely grant leave when justice so requires," but provided absolutely no briefing in whether good cause had been shown to amend the complaint. Doc. 35 at 3. His next brief, provided in response to the undersigned's direction, explains that the parties had intended to resolve the dispute through mediation. Doc. 37 at 2. Plaintiff asserts that the parties had agreed to extend all pretrial deadlines if the mediation fell through—which it ultimately did on July 10. *Id.* at 3. Plaintiff argues that this was why he declined to file a motion to extend the deadlines set by the Court. *Id.* at 3. Plaintiff also claims that his diligence

5

has in some way been "thwarted" by defendants in that they refused to provide a number of crew members when their depositions were noticed. *Id.* at 8. Defendant further contests that defendant produced a "log book" with its initial disclosures on May 26, 2020, which he complains misstates—perhaps intentionally—the circumstances of his fall. *Id.* at 10-11. He also recites that the defendant produced misleading "re-enactment photos" on August 10, 2020, that certain crew member testimony does not conform to the police report, and that defendant failed to disclose a witness who investigated the accident. *Id.* at 12-14.

Much of the argument as to plaintiff's diligence—particularly as it relates to the facts described above—is in support of extending the deadlines for filing their expert reports. *Id.* at 15-18. In fact, plaintiff spends fewer than three pages proffering any sort of cause—good or otherwise—for the delayed complaint amendment. *Id.* at 18-20. What he does say about the proposed amended complaint is that it adds clarity to his complaint for negligence. In fact, he believes it is probably not necessary but seeks to amend "out of an abundance of caution." *Id.* at 18. As to the claim of "fraud and deceit," plaintiff claims that he was unaware of the basis for this charge until he conducted the deposition of a Sgt. Thomas and two other crew members. *Id.* at 19. He argues that, until this point, he was "lead [sic] to believe that there was a witness

6

existed [sic] who saw reported [sic] that he was pulled by another employee and had his foot on the netting – not on the gangway landing." *Id.* at 19. Furthermore, it is his belief that "Defendants have clearly taken affirmative actions to hide one of the main and true causes of the Plaintiff's injuries – the faulty pin." *Id.* He argues that his claim that the defendants "fabricated" a log book entry supports his claims for punitive damages. *Id.* at 20.[2]

Defendants vigorously contest almost every portion of plaintiff's argument. First, they argue that plaintiff had more than adequate information to provide detail as to the state of the netting. Doc. 39 at 1-6. In fact, they assert that plaintiff took pictures of the status of the gangway and the netting directly after the accident. *Id.* at 6. Likewise, they assert that the plaintiff received the allegedly false logbook entry several months before he made any attempt to amend the complaint. *Id.* at 7. Moreover, defendants deny that they ever consented to any open-ended extension and note instead that plaintiff has

---

[2] Plaintiff's reply, doc. 41, is a far more robust defense of his diligence. It argues that the complaint was originally filed in state court and thus, was designed solely to give fair notice of the claims against defendant. *Id.* at 5. However, plaintiff offers little in way of support for his alleged diligence in bringing forward the claims. In fact, the only argument he makes is that he cannot be faulted for amending the complaint's negligence claim simply because he was not required to amend a removed complaint. *Id.* at 6. Since the Court does not find that plaintiff has shown good cause to file an out of time amendment, the Court does not reach *this* brief's arguments in favor of their amendment not being futile.

previously complained that defendants *would not* consent to an extension. *Id.* at 8.

Whether or not the amendments are substantively sufficient under Rule 15, the Court does not find that plaintiff has shown good cause to file an amended complaint out of time. None of the allegations that plaintiff seeks to bring stem from any newly discovered facts, or indeed facts that could not have been discovered well within the appropriate period. As to the complaints about the deficient netting, plaintiff took pictures of the gangway and netting immediately after his injury. He cannot now claim to have lacked knowledge as to its circumstances in an effort to circumvent this Court's scheduling orders. Whether or not the log book is fraudulent, any claim relating to it suffers from the same difficulties as the claims relating to the netting. Plaintiff knew that defendants had an alternative description of the circumstances of plaintiff's fall as soon as he received a copy of the log book. Plaintiff knew that the log book's description did not comport with his experience, and yet appears to have done nothing to probe its veracity or its support.

Plaintiff asserts that he did not conduct any follow up discovery—which may have provided greater detail on the log book—because he anticipated a mediation concluding the dispute. Setting aside entirely whether a "gentlemen's agreement" existed to extend deadlines pending the outcome of

this mediation, plaintiff took no steps whatsoever to extend the deadlines (either by consent or otherwise) with this Court and thus preserve his opportunity to amend. And regardless of whether the parties individually agreed to extend deadlines, they cannot unilaterally alter discovery deadlines set by order of the Court. They must ask for and receive permission. Moreover, plaintiff clearly acknowledges that discussions for the mediation stalled early in July. However, he did not file a motion to amend the complaint until nearly two months later. Accordingly, even if he had concerns about the log book, he did nothing to preserve his opportunity to raise them.

Finally, even when the Court invited plaintiff to properly support his request to amend the complaint and show good cause, he failed to do so. Instead he spent the bulk of his time discussing whether there was sufficient good cause to amend the scheduling order to include his experts; not whether there was sufficient good cause to file an amended complaint.[3] With this limited justification, the Court cannot find that plaintiff has shown the good cause necessary to amend the scheduling order and allow plaintiff to amend the

---

[3] The parties agreed that many of the issues contained within their various discovery disputes could potentially be resolved once the motion to amend was disposed of. Accordingly, the Court does not reach the question of whether the parties could proffer late expert disclosures; at least not now. The Court, as discussed below, will give the parties the opportunity to file a joint proposed amended scheduling order within seven days of the District Judge's final disposition of this Order and Report and Recommendation.

Complaint. Accordingly, plaintiff's motion to amend the complaint should be **DENIED**. Doc. 35.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Amend the Complaint, doc. 35, should be **DENIED**. Because the parties had previously indicated that some pending discovery motions could be obviated after a ruling on the motion to amend all remaining motions; docs. 20, 24, 25, 26, 27; are **DISMISSED AS MOOT**. However, the parties are each **DIRECTED** to file a single motion detailing any outstanding discovery disputes within fourteen days from the date the District Judge disposes of this Order and Report and Recommendation. The parties are also **DIRECTED** to *jointly* file a proposed scheduling order within seven days of the date of the District Judge's final disposition setting deadlines to conclude discovery in this case.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED AND RECOMMENDED,** this 8th day of March, 2021.

*[signature]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA