```
         IN THE UNITED STATES DISTRICT COURT FOR
            THE SOUTHERN DISTRICT OF GEORGIA
                    SAVANNAH DIVISION
```

ROMARE J. GREEN,                )
                                )
     Plaintiff,                 )
                                )
v.                              )    CASE NO. CV420-091
                                )
COSCO SHIPPING LINES CO. LTD.,  )
COSCO SHIPPING CAMELLIA LTD.,   )
and SHANGHAI OCEAN SHIPPING CO. )
LTD.,                           )
                                )
     Defendants.                )
                                )

## O R D E R

Before the Court is the Magistrate Judge's March 8, 2021, Report and Recommendation (Doc. 45), to which Plaintiff has filed objections (Doc. 49). In the report and recommendation, the Magistrate Judge recommended denying Plaintiff's Motion to Amend. (Doc. 45 at 1.) After a careful review of the record, the report and recommendation is **ADOPTED** as the Court's opinion in this case.

### BACKGROUND

The Court provides a summary of the facts relevant to Plaintiff's motion to amend but incorporates by reference the fact summary in the report and recommendation. (Doc. 45 at 2-4.) This case involves injuries Plaintiff suffered while working as a longshoreman on the M/V Cosco Shipping Camellia (the "Vessel"), which Defendants own and operate. (Doc. 1, Attach. 1 at 3-5.) Plaintiff alleges that he was exiting the Vessel via a steep

gangway when the handrail collapsed, causing him to fall off the gangway and land on the dock adjacent to the gangway. (Id. at 4.) Plaintiff alleges that he sustained serious injuries to his right shoulder as a result of the fall. (Id. at 5.)

In his initial complaint, Plaintiff brings a cause of action for negligence against Defendants, alleging that Defendants had control over the gangway and failed to "operate, maintain, inspect, and replace damaged or defective vessel equipment . . . ." (Id. at 5.) Defendants removed the case from the State Court of Chatham County to this Court on April 27, 2020. (Doc. 1.) According to the Rule 26(f) scheduling order, the parties were directed to file any motions to amend or add parties by July 6, 2020. (Doc. 13.)

On September 4, 2020, almost two months after the deadline, Plaintiff filed a motion to amend the complaint, in which he seeks to supplement his original negligence claim to "include claims for improper setting of the orange safety netting under the gangway, and that he sustained injuries to his knee."[1] (Doc. 35 at 2.) Plaintiff also seeks to add a cause of action for fraud and deceit

---

[1] In addition to Plaintiff's motion to amend, the parties also brought several other motions seeking modifications or extensions of the scheduling order. (Docs. 20, 24, 25, 26.) Because the parties indicated that these discovery related motions could be obviated by the Court's ruling on the motion to amend, the Magistrate Judge dismissed the motions as moot and directed the parties to reassert any remaining issues after the Court disposes of the motion to amend. (Doc. 45 at 10.) Accordingly, the Parties other discovery related disputes are not before the Court.

2

based on the falsity of Defendants' report of the accident and a claim for punitive damages based on the fraud and deceit cause of action. (Id.) Defendants opposed this motion (Doc. 39) and, on referral from this Court, the Magistrate Judge recommended that Plaintiff's motion to amend be denied because Plaintiff failed to demonstrate good cause to amend as required by Federal Rule of Civil Procedure 16(b)(4) (Doc. 45 at 8-10).

## STANDARD OF REVIEW

Plaintiff devotes a significant portion of his objections to the standard of review that the Court should apply to the report and recommendation. (Doc. 49 at 2-4.) Although it would be less favorable to his interests, Plaintiff argues that the Court should review the Magistrate Judge's findings under the highly deferential clear error standard. (Id. at 3); see Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted) ("Clear error is a highly deferential standard of review."). Plaintiff is correct that when a magistrate issues a ruling on a non-dispositive, pre-trial matter, a district court, on appeal, will reconsider that order "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). However, the Magistrate Judge did not rule on Plaintiff's motion to amend, but instead issued a

report and recommendation for the Court to review.[2] (Doc. 45.) Accordingly, the Court reviews de novo the Magistrate Judge's findings to which Plaintiff objects; and the Court reviews for clear error the portions of the report and recommendation to which Plaintiff did not object. 28 U.S.C. § 636(b)(1)(C); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. Feb. 24, 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam)) (outlining the standard of review for report and recommendations).

---

[2] The Eleventh Circuit has indicated that motions to amend are non-dispositive and district courts may designate a magistrate judge to rule on these motions. See Reeves v. DSI Sec. Servs. Inc., 395 F. App'x 544, 548 (11th Cir. 2010) (citing 28 U.S.C. § 636(b)(1)(A)) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint."); Palmore v. Hicks, 383 F. App'x 897, 899-900 (11th Cir. 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling."). However, the issue in this case is not whether the Magistrate Judge could have ruled on Plaintiff's motion, because he did not. Instead, the issue is whether the Court should apply a more deferential standard of review to a report and recommendation simply because a magistrate could have handled the matter with a dispositive order. The Court finds no precedent to support this conclusion. In any event, the Court would accept the Magistrate Judge's recommended disposition of the motion under either de novo or clear error review. See Raiford v. Nat'l Hills Exch., LLC, No. CV 111-152, 2013 WL 1286204, at *14 n. 31 (S.D. Ga. Mar. 27, 2013) ("The Court need not definitively resolve [the issue of whether a motion to amend is dispositive or non-dispositive] because the Court would accept the Magistrate Judge's recommended disposition of the motion to amend even if the matter was subject to de novo review.").

**ANALYSIS**

Plaintiff raises several overlapping objections to the report and recommendation that essentially challenge the Magistrate Judge's finding that Plaintiff did not show good cause to amend his complaint. (Doc. 49 at 5, 7, 9, 11, 12, 14, 16.) First, Plaintiff appears to argue that the Court should grant his motion based on the liberal amendment standard of Federal Rule of Civil Procedure 15(a). (Id. at 7 n.5, 8.) Next, Plaintiff objects to the Magistrate Judge's finding that Plaintiff was not diligent because his proposed amendments did not stem from newly discovered facts and testimony. (Id. at 7, 12-13.) Finally, Plaintiff argues that, even if he was not diligent, the Magistrate Judge's definition of good cause was too restrictive and that the Court should instead make an "equitable determination" in light of recent decisions by district courts within the Eleventh Circuit. (Id. at 9-10, 16-18.) After careful consideration of Plaintiff's objections, the Court agrees with the Magistrate Judge that Plaintiff has failed to demonstrate good cause to file an out of time amendment.[3]

---

[3] Plaintiff also objects broadly to the report and recommendation to the extent that it "preclude[s] the allowance of an amendment to further clarify factual allegations related to timely brought negligence-based claims." (Id. at 5, 14.) Because the Court does not find Plaintiff has demonstrated good cause to amend, these broad objections are **OVERRULED**.

5

I.  RULE 16(b) APPLIES TO UNTIMELY MOTIONS TO AMEND

In his objections, Plaintiff seems to argue that he should be allowed to amend his complaint based on the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a). (Id. at 7 n.5, 8.) As the Magistrate Judge highlighted, because Plaintiff's motion to amend is untimely, he must first satisfy the more stringent good cause standard of Rule 16(b) before the Court will consider whether to allow the amendment under Rule 15(a). (Doc. 45 at 5); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."); Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1367 (11th Cir. 2007) ("[D]espite Smith's argument on appeal that the district court should have granted his motion to amend his complaint in accordance with . . . Rule 15(a), Smith still had to comply with Rule 16(b)'s good cause requirement because he filed his motion to amend . . . after the court's deadline for such motions.") (citation omitted). Thus, Plaintiff's objections are **OVERRULED** to the extent he argues that the Court could grant his motion to amend without finding good cause as required by Rule 16(b)(4). See SE Prop. Holdings, LLC v. Braswell, No. 13-0267-WS-N, 2016 WL 4033211, at *2 (S.D. Ala. July 27, 2016).

6

II. PLAINTIFF DID NOT SHOW GOOD CAUSE REQUIRED BY RULE 16(b)

As stated previously, the Magistrate Judge recommended denying Plaintiff's motion to amend after finding Plaintiff failed to demonstrate good cause as required by Federal Rule of Civil Procedure 16(b)(4). (Doc. 45 at 8-10.) "[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." Sosa, 133 F.3d at 1418 n.2. Under Rule 16(b)(4), the Court's scheduling order may be modified only "upon a showing of good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); See Sosa, 133 F.3d at 1417. "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa, 133 F.3d at 1417 (quoting Fed. R. Civ. P. 16 advisory committee's notes). In other words, for Plaintiff to establish good cause, he must have been diligent. Romero v. Drummond Co., Inc., 552 F.3d 1303, 1319 (11th Cir. 2008) (citation omitted). "This rule is strictly enforced, particularly where, as here, the nonmovant has objected to the proposed amendment as untimely under the applicable scheduling order." Roberson v. BancorpSouth Bank, Inc., No. 12-0669-WS-N, 2013 WL 4870839, *1 (S.D. Ala. Sept. 12, 2013).

The Court agrees with the Magistrate Judge that Plaintiff did not demonstrate diligence in pursing his claim because "[n]one of the allegations that Plaintiff seeks to bring stem from any newly

7

discovered facts, or indeed facts that could not have been discovered well within the appropriate period." (Doc. 45 at 8.) With respect to Plaintiff's allegation about the safety netting, Plaintiff took pictures immediately following the accident that clearly show the positioning of the safety netting below the gangway. (Doc. 35, Attach. 4 at 3, 9-12; Doc. 37, Attach. 19 at 2-3.) Plaintiff argues that, although he had some photographs of the gangway, he did not have the "same benefit of the context that the Defendants who controlled the gangway enjoyed" until deposing defense witnesses after the expiration of the scheduling deadline. (Doc. 49 at 7.) However, Plaintiff has not identified the new information he allegedly obtained in these depositions, or how it alerted Plaintiff to negligence claims that were not apparent from the pictures he took at the scene. Kendall v. Thaxton Road LLC, 443 F. App'x 388, 393 (11th Cir. 2011) (affirming denial of motion to amend where "facts with which [movant] wished to amend his complaint were known to [him] at the time he filed his initial complaint").

Turning to Plaintiff's fraud and punitive damages claims, the Court again agrees with the Magistrate Judge's determination that Plaintiff's claims are based on facts Plaintiff knew or should have discovered before the deadline. (Doc. 45 at 8.) Both claims stem from an allegedly falsified log book maintained by Defendants. (Doc. 35 at 2.) Even assuming, without deciding, that Plaintiff's

8

fraud claims are viable, Defendants produced the log book as part of their initial disclosures on May 26, 2020, over a month before the deadline to move for an amendment.[4] (Doc. 41 at 9.) Plaintiff attempts to avoid the deadline by claiming that, until deposing defense witnesses, the log book led him to believe "that a witness existed who had saw reported [sic] that he was pulled by another employee and had his foot on the netting – not on the gangway landing." (Doc. 37 at 19.) Plaintiff's excuse fails to explain why he was not immediately put on notice of the log book's falsity upon finding that its contents did not comport with his personal experience of the accident. (Doc. 35, Attach. 4 at 2.) Additionally, Plaintiff deposed the defense witnesses on August 5, 2020, but did not seek to amend his complaint to add the fraud claims until a month later, despite knowing the deadline had expired. (Doc. 37, Attachs. 16, 17; Doc. 35); see Saewitz v.

---

[4] The log book, translated into English, states:
> On or about 1940 LT, the A/B on duty report a worker fell at the end of the gangway. One foot on the gangway step, on foot in the safety net, at the same time, another worker was pulling him.

(Doc. 35, Attach. 2) Plaintiff alleges in his motion to amend that this report falsely states that Plaintiff was injured when another worker pulled at the safety netting, as opposed to the incident being caused by the faulty gangway rail. (Doc. 35 at 2.) Plaintiff later changes his interpretation and alleges that the report is Defendants' attempt to claim Plaintiff was negligent by stepping into the net instead of onto the landing. (Doc. 41 at 10.) The Court notes that it finds both of Plaintiff's interpretations of the log book to be extremely liberal readings of the text, if not misrepresentations.

9

Case 4:20-cv-00091-WTM-CLR   Document 51   Filed 05/17/21   Page 10 of 13

Lexington Ins. Co., 133 F. App'x 695, 700 (11th Cir. 2005) (upholding denial of motion to amend where movant "failed, in every respect, to show diligence in presenting its affirmative defense of fraud and concealment to the district court").

Plaintiff has also provided no explanation as to why he did not timely amend his complaint to include allegations that he injured his knee.[5] Accordingly, the Court finds Plaintiff has not met his burden of showing why, despite his diligent efforts, he was unable to amend his complaint to add his proposed claims prior to the deadline set by the scheduling order. See Northstar Marine, Inc. v. Huffman, No. 13-0037-WS-C, 2014 WL 3720537, at *3 (S.D. Ala. July 28, 2014) (finding movants had not met their burden of showing that they were unable to discern the availability of colorable defenses prior to expiration of the relevant scheduling order).

Normally, upon a finding that a "party was not diligent, the [good cause] inquiry should end." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff avers that the

---

[5] In fact, despite including it in his motion to amend, Plaintiff does not mention his knee injury again in his supplementary brief on good cause, his reply brief or his objections to the report and recommendation. (See Docs. 37, 41, 49.) In his affidavit, Plaintiff claims he injured his knee getting out of bed sometime after the accident on the Vessel. (Doc. 35, Attach. 4 at 4.) Plaintiff does not state whether he injured himself before or after the scheduling deadline. Even assuming Plaintiff's injury presents a colorable claim, Plaintiff has not met his burden of establishing diligence with respect to this claim.

Magistrate Judge, despite finding a lack a diligence, should have granted Plaintiff leave to amend after conducting an equitable determination. (Doc. 49 at 9-10, 16-18.) As an initial matter, Plaintiff waived the argument that the Magistrate Judge should have applied this equitable standard, because he failed to raise the argument before the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (finding district judge did not abuse discretion by not considering argument raised for first time in objection to Report and Recommendation).

Setting that issue aside, the Court is reluctant to apply the standard for which Plaintiff advocates. In support of his argument, Plaintiff relies on cases out of the Middle District of Florida where courts have looked beyond a party's diligence in deciding to modify a scheduling order. (Doc. 49 at 9-10); Abruscato v. GEICO Gen. Ins. Co., NO. 3:13-cv-962-J-39JBT, 2014 WL 12616965 (M.D. Fla. May 30, 2014; Auto-Owners Ins. Co v. Ace. Elec. Serv., Inc., 648 F. Supp. 2d 1371 (M.D. Fla. 2009). However, the facts of these cases are distinguishable from the instant action. In Abruscato, the court found that setting aside diligence was appropriate in a motion to re-open discovery because it allowed the full disclosure of all relevant information. Abruscato, 2014 WL 12616965, at *2. In Auto-Owners, the primary case Defendant relies on, the district court denied a third-party defendant's motion for reconsideration of an unopposed request for leave to file an untimely third party

complaint. Auto-Owners, 648 F. Supp. 2d at 1376-77 (M.D. Fla. 2009). After denying the motion on other grounds, the court in Auto-Owners noted in dicta that good cause existed to join the third-party because "[r]efusing to allow the amendments sought . . . may result in multiple lawsuits, possibly filed in separate courts, involving the same set of facts, issues, and players." Id. at 1376-78.

Unlike those cases, this case does not involve a motion to reopen discovery; nor will the denial of Plaintiff's motion to amend create inconsistent results stemming from separate lawsuits, since Plaintiff is not seeking to add an additional party to his complaint. See also Coach Inc. v. Visitors Flea Market, LLC., No. 6:11-cv-1905-Orl-19GJK, 2012 WL 12905809, at *3 (M.D. Fla. June 11, 2012) (distinguishing Auto-Owners from an "opposed and untimely motion to amend a complaint under Rules 6 and 16."). Accordingly, the Court finds no reason to divert from the Eleventh Circuit's precedent that "[t]o establish good cause, the party seeking the extension **must** have been diligent." Romero, 552 F.3d at 1319 (emphasis added) (citing Sosa at 133 F.3d at 1418). Because Plaintiff did not demonstrate diligence in pursuing his claims, the Court need not consider Plaintiff's argument that external circumstances warrant granting his motion. As a result, Plaintiff's objection to the Magistrate Judge's application of the good cause standard is **OVERRULED**. See Northstar Marine, 2014 WL

12

3720537, at *4 ("Nor can movants overcome this deficiency in proof by redirecting the Court's attention to the issue of prejudice, rather than diligence."); De Varona v. Discount Auto Parts, LLC, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012) ("Diligence is the key to satisfying the good cause requirement.").

## CONCLUSION

Based on the foregoing, the Court finds Plaintiff failed to show good cause to amend the complaint as required by Rule 16(b)(4). Accordingly, the report and recommendation is **ADOPTED** in its entirety, and Plaintiff's objections are **OVERRULED**. As a result, Plaintiff's motion to amend (Doc. 35) is **DENIED**. All deadlines contained within the Report and Recommendation remain in effect.

SO ORDERED this 17th day of May 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA