IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ROMARE J. GREEN, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:20-cv-00091 |
| v. | |
| COSCO SHIPPING CAMELLIA LTD, | |
| Defendant. | |

**O R D E R**

    Both parties in this matter filed Motions in Limine. Defendant filed a Motion in Limine to Exclude Evidence or Argument Supporting Plaintiff's Lost Wages Claim, (doc. 154); a Motion in Limine to Exclude William Williams's Opinions at Trial, (doc. 155); and two more Motions in Limine that both address numerous other issues, (docs. 157 & 158). Plaintiff filed a separate Response as to each of these Motions. (Docs. 178, 177, 170, & 179.) Defendant filed a single Reply addressing all of Plaintiff's Responses. (Doc. 182.)

    Plaintiff, for his part, filed a lone Motion in Limine that addresses several issues. (Doc. 169.) Defendant filed a Response to this Motion. (Doc. 171.) Plaintiff filed a Reply. (Doc. 189.)

    The Court held a hearing on these Motions, and on other pretrial matters, on May 29, 2025. For the reasons stated in the hearing: Defendant's Motion in Limine to Exclude Evidence or Argument Supporting Plaintiff's Lost Wages Claim is **DENIED**, (doc. 154); Defendant's Motion in Limine to Exclude William Williams's Opinions at Trial is **DENIED**, (doc. 155); Defendant's first Motion in Limine addressing several topics is **GRANTED** in part and **DENIED** in part, (doc. 157); Defendant's second Motion in Limine addressing several topics is **GRANTED** in part and

**DENIED** in part, (doc. 158); and Plaintiff's Motion in Limine addressing several topics is **GRANTED** in part and **DENIED** in part, (doc. 169). The Order provides further detail on these rulings below.

## DISCUSSION

I. **Plaintiff's Motion in Limine**

   A. **Motion to prohibit Defendant from introducing testimony, evidence, or argument inconsistent with the corporation's Rule 30(b)(6) testimony.**

   For the reasons stated at the May 29, 2025, hearing, this part of Plaintiff's Motion in Limine, (doc. 169, pp. 1–8), is **DENIED**.

   B. **Motion to prohibit Defendant from introducing evidence that one or more of the Plaintiff's experts has had opinions either limited or excluded by courts under *Daubert*.**

   For the reasons stated at the May 29, 2025, hearing, this part of Plaintiff's Motion in Limine, (doc. 169, pp. 8–11), is **GRANTED**, with the limitation that Defendant may offer such evidence for impeachment purposes if Plaintiff opens the door at trial.

   C. **Motion to exclude from evidence family law matters, traffic citations, unrelated legal matters, divorce, or other innuendo.**

   For the reasons stated at the May 29, 2025, hearing, this part of Plaintiff's Motion in Limine, (doc. 169, p. 11), is **GRANTED**, with the limitation that Defendant may offer such evidence if Plaintiff opens the door at trial.

II. **Defendant's Motions in Limine**

   A. **Motion in Limine to Exclude Evidence or Argument Supporting Plaintiff's Lost Wages Claim.**

   For the reasons stated at the May 29, 2025, hearing, this Motion, (doc. 154), is **DENIED**.

   B. **Motion in Limine to Exclude William Williams's Opinions at Trial.**

   For the reasons stated at the May 29, 2025, hearing, this Motion, (doc. 155), is **DENIED**.

    **C.**    **First Motion in Limine addressing multiple issues.**

        **(1)**    **Motion to prohibit Plaintiff from seeking medical expenses beyond those disclosed in Plaintiff's initial disclosure and produced by Plaintiff in discovery.**

For the reasons stated at the May 29, 2025, hearing, this part of Defendant's Motion, (doc. 157, pp. 2–4), is **GRANTED** in part. Plaintiff is barred from admitting evidence of medical expenses only to the extent he failed to disclose such evidence in accordance with Fed. R. Civ. P. 26.

        **(2)**    **Motion to prohibit Plaintiff from introducing evidence suggesting that the vessel's crew replaced the pin before either the first or second gangway collapse, or that the crew's negligent installation of the pin caused Plaintiff's injuries.**

For the reasons stated at the May 29, 2025, hearing, this part of Defendant's Motion, (doc. 157, pp. 4–5), is **DENIED**.

    **D.**    **Second Motion in Limine addressing multiple issues.**

        **(1)**    **Motion to exclude evidence suggesting that Defendant or its crew did not care about Plaintiff.**

For the reasons stated at the May 29, 2025, hearing, this part of Defendant's Motion, (doc. 158, pp. 2–3), is **GRANTED**.

        **(2)**    **Motion to prohibit Plaintiff from asking David Frizzell or any other witness whether the locking pin was missing a locking end, from otherwise seeking to elicit that testimony or evidence from any witness in this case, or from using Frizzell's affidavit for any purpose at trial without the parts referring to locking pin defect being redacted.**

For the reasons stated at the May 29, 2025, hearing, this part of Defendant's Motion, (doc. 158, pp. 3–4), is **GRANTED** as unopposed.

        **(3)**    **Motion to prohibit Plaintiff from engaging in questioning or argument demeaning to China, Chinese culture or people, or COSCO because of its status as a Chinese company.**

For the reasons stated at the May 29, 2025, hearing, this part of Defendant's Motion, (doc. 158, pp. 4–7), is **GRANTED**.

> **(4) Motion to prohibit Plaintiff from referring to or seeking to prove allegedly negligent acts committed by COSCO's former codefendants.**

For the reasons stated at the May 29, 2025, hearing, this part of Defendant's Motion, (doc. 158, p. 7), is **DENIED**.

> **(5) Motion to prohibit Plaintiff from seeking to admit evidence relevant only to Plaintiff's other rejected claims in this case.**

For the reasons stated at the May 29, 2025, hearing, this part of Defendant's Motion, (doc. 158, p. 7), is **DENIED**.

**SO ORDERED**, this 30th day of May, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4